IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

A.A. BELLUCCI CONSTRUCTION CO., :
:
: Case No. 4:09-CV-1755
Plaintiff, :
:
v. : (Judge McClure)
:
UNITED STATES SURETY :
COMPANY and U.S. SPECIALTY :
INSURANCE COMPANY, :
:
Defendants. :

**M E M O R A N D U M**

February 2, 2010

**BACKGROUND:**

On September 11, 2009, plaintiff, A.A. Bellucci Construction Co. (hereinafter "Bellucci"), commenced a civil action by filing a complaint against defendants United States Surety Company (hereinafter "Surety") and U.S. Specialty Insurance Company (hereinafter "Specialty"). On October 16, 2009, Bellucci filed an amended complaint. In its amended complaint, Bellucci demands action on a payment bond against Surety (Count I) and action on a payment bond against Specialty (Count II) pursuant to the Miller Act 40 U.S.C. § 3133.

On October 22, 2009, defendants filed a Motion for Stay for Purposes of

1

Completing Contractually-Mandated Mediation and/or Arbitration and filed a supporting brief. (Rec. Doc. Nos. 14 and 15). On November 6, 2009, plaintiff filed an opposing brief. (Rec. Doc. No. 17). On November 16, 2009, defendants filed a reply brief. (Rec. Doc. No. 18). Thus, the matter is ripe for disposition.

Now, therefore, we will grant the Motion for Stay.

**DISCUSSION:**

On May 28, 2008, Bellucci entered into a contract with CSI Engineering, DC, P.C. (hereinafter "CSI") as a subcontractor for CSI on a construction project. CSI was the general contractor for the U.S. Department of Labor/OAS AM/BOC Division of Job Corps A/E & Construction. The contract between CSI and Bellucci required mediation and arbitration to resolve disputes between the two parties. CSI obtained a bond from Surety and Specialty to secure payment to all of CSI's subcontractors. Bellucci alleges that CSI has refused to pay $128,422 due to Bellucci. On August 11, 2009, Bellucci initiated mediation proceedings to resolve its dispute with CSI. Mediation was scheduled for December 3 and 4, 2009, with alternate dates of January 6 and 7 2010. On September 11, 2009, Bellucci filed a complaint against Surety and Specialty demanding payment under the terms of the bond. On October 22, 2009, defendants filed the instant Motion for Stay pending the outcome of the arbitration proceedings between Bellucci and CSI.

Defendants argue that the instant action should be stayed pending the alternative dispute resolution process in the dispute between plaintiff and CSI. Defendants admit that they will most likely be bound by an arbitral decision. Defendants are seeking the stay to avoid the time and expense of litigating the same issue twice. Plaintiff argues that defendants will not necessarily be bound by the results of the arbitration between CSI and Bellucci, and, as a result, plaintiff will be harmed by the delay in discovery, and demanded payment in this case.

We are guided by a well-researched, persuasive case from the Western District, United States for the use and benefit of, Frank. M. Sheesley Co. v. St. Paul Fire and Marine Ins. Co. and the Continental Ins. Co., 239 F.R.D. 404; 2006 U.S. Dist. LEXIS 81483, (W.D. Pa. November 7, 2006) (Gibson, J.). In Sheesley, a subcontractor sued the sureties under the Miller Act for payment on a bond issued to the general contractor. In Sheesley, the general contractor filed a motion for intervention and a motion for stay pending arbitration between the general contractor and the subcontractor. The subcontractor in Sheesley was concerned that if a stay was granted and an arbitral decision was found in its favor, the surities would argue that they are not bound by the arbitrator's decision, and plaintiffs would have to relitigate the case and would be prejudiced by the delay imposed by the stay. The Sheesley court granted both the motion for intervention and the

motion for stay. Sheesley, 239 F.R.D. at 419. The Western District, finding no cases exactly on-point from the Third Circuit, researched the case law of other circuits. See id. They found that the majority view, and the direction the Third Circuit seems to be heading, is that an arbitrator's decision is generally binding against a surety in a Miller Act case under certain circumstances. See id.

Because defendants have admitted in its supporting brief that they will be bound by the outcome of the arbitration between CSI and Bellucci, we will grant the stay. (Rec. Doc. No. 15 at 9 "Under *Sheesley*, there is no question that Defendants will be bound by the outcome of any arbitration. . ."). Staying the litigation will avoid unnecessary expense in litigating the same issue twice and will avoid inconsistent results. In the alternative, if mediation, the binding effect of which has not been admitted by defendants, produces an agreement, the stay will not unreasonably delay the instant proceedings as mediation is currently pending and may even be complete. We will exercise our discretion to stay the litigation pending the outcome of arbitration. See Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp., 460 U.S. 1; 103 S. Ct. 927; 74 L. Ed. 2d 765 at n. 23 (1983) ("In some cases, of course, it may be advisable to stay litigation among nonarbitrating parties pending the outcome of the arbitration. That decision is one left to the district court. . . as a matter of its discretion to control its docket.") (internal

4

citations omitted).

**CONCLUSION:**

We will grant defendants' Motion for Stay. The instant action will be stayed pending an agreement through mediation proceedings or a final arbitral decision in arbitration proceedings between CSI and Bellucci**.**

                                         s/ James F. McClure, Jr.
                                         James F. McClure, Jr.
                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.A. BELLUCCI CONSTRUCTION CO., | : : : | |
| | : | Case No. 4:09-CV-1755 |
| Plaintiff, | : : | |
| v. | : : | (Judge McClure) |
| | : | |
| UNITED STATES SURETY COMPANY and U.S. SPECIALTY INSURANCE COMPANY, | : : : : | |
| Defendants. | : : | |

# **O R D E R**

February 2, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion for Stay for Purposes of Completing Contractually-Mandated Mediation and/or Arbitration is GRANTED. (Rec. Doc. No. 14).

2. The instant action is stayed. If an agreement was or is reached through mediation, this action is stayed until 30 days after the agreement is finalized. If no agreement is reached through mediation, this action is stayed until 30 days after final arbitral decision in arbitration proceedings between plaintiff and CSI

Engineering, DC, P.C.

      3. Plaintiff is responsible for notifying the court that a mediation agreement has been finalized or the final arbitration decision has been made.

                                    s/ James F. McClure, Jr.
                                    James F. McClure, Jr.
                                    United States District Judge